UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN MILTON PHILLIPS, JR.,

      Petitioner,

v.                           Case No. 3:15cv255/RV/CJK

MARK HENRY,

      Respondent.

_____/

ORDER and
REPORT AND RECOMMENDATION

      This cause is before the court upon petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1), respondent's motion to dismiss the petition as an unauthorized second or successive habeas corpus application (doc. 12), and petitioner's motion to hold the petition in abeyance pending his application to the court of appeals for authorization to file a successive petition (doc. 14).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, the undersigned concludes that the petition is an unauthorized "second

or successive" habeas corpus application under 28 U.S.C. § 2244(b)(3)(A), and that the petition must be dismissed for lack of jurisdiction.

## BACKGROUND AND PROCEDURAL  HISTORY

Petitioner is an inmate of the Florida penal system currently confined at Graceville Correctional Facility in Graceville, Florida.  (Doc. 1).  Petitioner is challenging his 2002 judgments of conviction entered in Walton County Circuit Court case numbers 02-CF-118 and 02-CF-185, and Okaloosa County Circuit Court case number 02-CF-606.  (*Id*.).  Petitioner challenges his convictions on various grounds. (*Id*., pp. 14-15).  Petitioner declined to answer the question on the petition form asking whether he previously filed a federal habeas petition regarding the convictions challenged in this petition.  (*Id*., p. 12).

Respondent asserts, and petitioner does not dispute, that petitioner previously filed a § 2254 petition in this court challenging the same criminal judgments.  The court takes judicial notice of its own records in *Phillips v. McNeil*, Case Number 3:08cv193/LC/EMT.  Petitioner initiated *Phillips v. McNeil*, on May 6, 2008, by filing a § 2254 petition challenging the same criminal judgments at issue here.  (*See* Case Number 3:08cv193/LC/EMT, Docs. 1, 13).  This court dismissed the petition with prejudice as untimely on March 10, 2009.  (*Id*., Docs. 24, 29, 30).  On July 21,

2009, the United States Court of Appeals for the Eleventh Circuit denied petitioner's motion for a certificate of appealability.  (*Id*., Doc. 48).

## DISCUSSION

Title 28 U.S.C. § 2244(b)(3)(A) provides:  "Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  *See also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts (2015) ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).").  A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that was not previously authorized by an appellate court.  *Burton v. Stewart*, 549 U.S. 147, 152, 157, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (holding that district court lacked jurisdiction to entertain second habeas petition because prisoner failed to obtain order from court of appeals authorizing him to file it); *Fugate v. Dep't of Corr*., 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

The instant petition is "a second or successive" habeas corpus application.  By order dated December 4, 2015, the undersigned directed petitioner to respond to

respondent's motion to dismiss. (Doc. 13). Petitioner has responded by filing a "Motion To Hold In Abeyance Petitioner's Petition For Writ Of Habeas Corpus To Seek A Successive Application From The 11th Cir. Ct. of Appeals". (Doc. 14). Petitioner asks this court to stay this proceeding while he applies to the Eleventh Circuit for authorization to file a second petition. (*Id*.). Petitioner's motion for a stay will be denied, as petitioner was required to obtain the Eleventh Circuit's authorization <u>before</u> filing his present petition. *See* 28 U.S.C. § 2244(b)(3)(A); Rule 9, Rules Governing Section 2254 Cases. Petitioner's failure to receive the requisite authorization before filing this petition operates as a jurisdictional bar and requires dismissal of this case. *Burton v. Stewart*, 549 U.S. at 152, 157; *Fugate*, 301 F.3d at 1288.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed,

even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted).  Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

Petitioner's motion to hold this case in abeyance (doc. 14) is DENIED.

And it is respectfully RECOMMENDED:

1.  That respondent's motion to dismiss (doc. 12) be GRANTED.

2.  That the petition for writ of habeas corpus (doc. 1) be DISMISSED for lack of jurisdiction.

3.  That the clerk be directed to close the file.

4.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 15th day of December, 2015.


*/s/ Charles J. Kahn, Jr.*
_____
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th CIR. R. 3-1; 28 U.S.C. § 636.